**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Southern Nevada Culinary and Bartenders Pension Trust, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Desert Palace, Inc. D/b/a Caesar's Palace, et al., <br><br> Defendants. | Case No.: 2:13-cv-1571-JAD-NJK <br><br> **Order Denying Without Prejudice Motion for Entry of Judgment by Confession Against Defendants Bistro Central and Halvorson** <br> **[Doc. 8]** |

On August 29, 2013, Plaintiff Southern Nevada Culinary and Bartenders Pension Trust Fund ("Trust Fund") sued, *inter alia*, Defendants, Bistro Central LV, LLC, ("Bistro") and Carl Halvorson (collectively, "Defendants")[1] for non-payment of certain fringe payments it alleges Defendants have been "habitually delinquent" in paying. Doc. 1 at 5. The Trust Fund and Halvorson (both individually and as Managing Member of Bistro) then filed a Stipulation for Entry of Judgment by Confession for "fringe benefit contributions for hours worked by the employees of Bistro Central through the date of November 31, 2012, plus interest, liquidated damages and attorney's fees," for a total of $131,405.14. Doc. 4, p. 4. The stipulation sets out the terms and conditions upon which Defendants will remit payments. On October 18, 2013, the Trust Fund filed a Motion for Entry of Judgment by

---

[1] The instant motion does not involve the other plaintiffs and defendants in this case, and the same are not included in the Court's definition of "Defendants."

Confession, Doc. 8, in which they seek to enforce the judgment by confession. No opposition to the Motion was filed. *See* Doc. 10. Having reviewed the stipulation and motion, the court denies the motion [Doc. 8] without prejudice because it seeks more than the stipulation allows.

**Discussion**

NRS §§ 17.090-110 governs entry of a judgment by confession. "A judgment by confession may be entered without action, either for money due or to become due or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this section and NRS § 17.100 and § 17.110." NEV. REV. STAT. ANN. § 17.090. NRS § 17.100 provides:

A statement in writing shall be made, signed by the defendant and verified by his or her oath, to the following effect:

1. It shall authorize the entry of judgment for a specified sum.

2. If it be money due, or to become due, it shall state concisely the facts out of which it arose, and shall show that the sum confessed therefor is justly due, or to become due.

3. If it be for the purpose of securing the plaintiff against a contingent liability, it shall state concisely the facts constituting the liability, and shall show that the sum confessed therefor does not exceed the same.

NEV. REV. STAT. ANN. § 17.100. A judgment by confession "must be filed with the clerk of the court in which the judgment is to be entered." NRS § 17.110.

The original stipulation [Doc. 4] complies with NRS § 17.100. It contains a stipulation of the amount owed signed by the parties to be charged, Doc. 4 at 2, as well as a verified judgment of confession whose terms the stipulation incorporates by reference. Doc. 4 at 9-10. The judgement by confession authorizes entry of judgment for $131,405.14, a "specified sum" that includes all damages, in trust, liquidated damages, and attorney's fees. *See id.* at 3.[2] It also states that the amount is owed to the Trust Fund "as third party

---

[2] The Judgment also states that "If Defendants strictly comply with the terms of the instrument, a waiver of $17,235.57 in liquidated damages will apply, and the Judgment Amount will be deemed satisfied upon Plaintiffs' receipt of payments totaling $116,499.40." Doc. 4 at 3-4.

beneficiaries under the terms of a written collective bargaining agreement and a memorandum of agreement between Desert Palace Inc. dba Caesar's Palace, Bistro Central and the Local Joint Executive Board of Las Vegas, for an on behalf of Culinary Workers Union, Local No. 226 and Bartenders Union, Local 165," and states that the monies are "owed" to the fund. *Id.* at 3-4.  The judgment by confession also sufficiently explains the contingent liability in this case by noting, *inter alia*, that Defendants will be charged $150 "each time a Notice of Default is sent." *Id.* at 7.  It also contains provisions for execution in the event they fail to cure a default within ten days of a notice of default, which would trigger "a separate and additional default interest rate of fifteen percent (15%) per annum on the unpaid portion of the Judgment balance from the date of default until paid in full." *Id.* at 7.

Had the Plaintiff moved for the entry of judgment against these stipulating defendants in the amount confessed, the Court might award that relief.  But it asks for far more—nearly twice the stipulated sum—$247,888.57.  Doc. 8 at 8.  To explain this rather significant increase in the amount, Defendants have attached an Affidavit from Alicia M. Hernandez, the "Contribution Accounting Director of . . . the third-party Administrator engaged by the [Trust Fund]." Doc. 8 at 13.[3]  Hernandez states that on or about May 13, 2013, the Trust Fund[] "accepted a second payment plan . . . proposed by Bistro and Halvorson to cover arrears that Bistro and Halvorson owed, including (i) the weekly payments required by the Judgment that were missed; and (ii) several delinquent monthly contribution payments.  The payments under the Additional Payment Plan were to be made in addition to those weekly payments outlined in the Judgment, and the necessary monthly contribution payments." Doc. 8 at 14.

The Trust Fund, through Hernandez, may be correct that these amounts were agreed to by Halvorson.  However, the presentation of these facts does not satisfy NRS § 17.100's the above-listed conditions for entry of a judgment by confession because the stipulation does not agree to the entry of judgment in the amount of $247,888.57, and the statute expressly

---

[3] The Affidavit was not made under penalty of perjury, but was made before a Notary Public and states that Hernandez was "duly sworn to tell the truth." Doc. 8 at 13-14.

requires "a specified sum." NEV. REV. STAT. ANN. § 17.100.  The only "sum" specified in this stipulation is $131,405.14.  Doc. 4 at 1.  And even the judgment by confession represents that this specified sum will be <u>reduced</u> by $17,235.57 in the event of full and timely payment, not that it will be <u>increased</u> to $247,888.57 in the event of default. Doc. 4 at 3.

Nothing in the stipulated judgment by confession supports the Plaintiff's instant request for judgment of $247,888.57.  Thus, the Court denies this motion without prejudice, subject to re-filing a motion either compliant with the requirements of NEV. REV. STAT. ANN. §§ 17.090-110 or for other appropriate relief.

Accordingly, based upon the foregoing reasons,

It is **HEREBY ORDERED** that the Trust Fund's Motion for Entry of Judgment by Confession [Doc. 8] is **DENIED WITHOUT PREJUDICE**.

**DATED: February 18, 2014.**

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE